Mabry OGLE, dba Ogle Logging Co., Appellants,

v.

UNITED STATES of America, Appellee.

No. 19548.

United States Court of Appeals
Ninth Circuit.

June 22, 1966.

**900**

Gene L. Brown, R. Gene Smith, Grants Pass, Or., for appellants.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, Robert M. Perry, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and JERTBERG, Circuit Judge.

CHAMBERS, Circuit Judge.

At times pertinent here, Ogle was the owner in fee of the south one-fourth of a section of land (160 acres) plus 40 acres immediately adjoining to the east. His area was one and one-quarter miles long and one-fourth mile wide. The United States owned 200 acres contiguous to the north boundary of Ogle and 40 acres contiguous to the east. All was timber land.

The government in 1962 filed a complaint charging Ogle with cutting and removing from its 240 acres during 1951 and 1952 a little less than 1,200,000 board feet of standing timber. It relied on Oregon's innocent trespass statute, which permits the recovery of double damages.

The trial court found for the government, but charged Ogle with only about two-fifths of the allegedly lost timber. The value was found to be $6,000, which was doubled for the judgment. Ogle appeals, attacking the sufficiency of the evidence. We affirm.

We have examined the entire record. We find that there was strong evidence that the logging on the government land occurred in 1951 and 1952, and also there was conflicting evidence on the point. But there is still the question of who did it.

■ Ogle was definitely logging on his own property in 1951 and 1952. The case against him for logging the government land was wholly circumstantial. Ogle's testimony, if accepted by the trial court, clearly exonerates him. But it is obvious that the trial court did not accept it. It was entitled to rely on the circumstances which included the fact that in the years in question Ogle controlled the only access road to the tracts, the fact of his nearby cuttings, and the lack of opportunity for others to cut in 1951 and 1952. Also, Ogle's testimony gives little indication that at times pertinent he knew the exact location of the boundary line. But as indicated, if the district court had accepted Ogle's version of all the events, we could not disturb the decision. But here, when the findings went against him, we cannot evaluate them except to see whether they are clearly erroneous.

Ogle partially relies on remarks made by the trial court, as the trial progressed, as to the weakness of the government case, but such remarks must be considered erased by the findings of fact ultimately made.

In our examination of the record, we must observe that, as to damages, once having found responsibility on the part of Ogle, the court was quite liberal with him in charging him with only two-fifths of the loss.

Trial courts observe the witnesses. We cannot. Our sole function is to find if there was enough evidence to pass the clearly erroneous test. We find there was.

Judgment affirmed.